UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

              Plaintiff,

v.

**MEMORANDUM OPINION
AND ORDER**
Criminal No. 10-338(4) ADM/JSM
Civil No. 12-1967 ADM

Tavarian Troyorvay McDonald,

              Defendant.

_____

Thomas M. Hollenhorst, Esq., United States Attorney's Office, Minneapolis, MN, on behalf of Plaintiff.

Tavarian Troyorvay McDonald, pro se.
_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Defendant Tavarian Troyorvay McDonald's ("McDonald") 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence [Docket No. 228]. For the reasons below, McDonald's Motion is denied.

## II. BACKGROUND

In December 2010, McDonald and four co-defendants were indicted for participating in a conspiracy to distribute cocaine base. See Indictment [Docket No. 1]. McDonald was also indicted on four counts of distribution of cocaine base. Id. On January 25, 2011, McDonald's attorney Craig Cascarano filed three pretrial motions to suppress evidence. See Motions to Suppress [Docket Nos. 75-77]. The motions were withdrawn when a plea agreement was reached. Order, March 10, 2011 [Docket No. 114].

On April 4, 2011 McDonald pleaded guilty to conspiracy to distribute cocaine base. Apr. 4, 2011 Hr'g Tr. [Docket No. 234] 22. At the plea hearing, McDonald agreed under oath he was satisfied with Cascarano's service and that he had enough time to talk to Cascarano about his case. Id. at 6:1-2, 5:23-25. He also testified his plea was voluntary; no one had threatened him or forced him to plead guilty. Id. at 10:22-11:1.

On the record during his plea hearing, the Court thoroughly reviewed with McDonald the terms of the Plea Agreement and waiver of his rights, which he stated he understood. Id. at 7-22. McDonald repeatedly stated he and Cascarano had previously discussed how the elements of conspiracy law applied to his case. Id. at 26:23-25, 28:7-8. Cascarano and McDonald also reviewed the factual basis for the conspiracy charge on the record during the plea hearing. Id. at 27-28.

McDonald admitted he discussed with his attorney the impact of the quantity of cocaine on his sentence. Id. at 25. During the plea hearing, Cascarano told McDonald that, although he wasn't individually responsible for the sale of 840 grams, the law on conspiracy presumed McDonald contributed to that amount, and McDonald was going to be held responsible for the full amount. Id. at 28:1-6. McDonald also admitted to the prosecutor he understood the 840 grams to 2.8 kilograms range would likely be the amount of cocaine base used in the guideline sentencing calculation. Id. at 25:11-15.

On August 11, 2011 the Court sentenced McDonald to the mandatory minimum sentence of 240 months imprisonment. Sentencing J. [Docket No. 168] 2. Judgment was entered on August 11, 2011, and no direct appeal was filed. On August 10, 2012, McDonald filed this § 2255 Motion alleging ineffective assistance of counsel.

## III. DISCUSSION

### A. Standard of Review

28 U.S.C. § 2255 provides a person in federal custody with a limited opportunity to collaterally attack the constitutionality, jurisdictional basis, or legality of the sentence prescribed by the court. See United States v. Addonizio, 442 U.S. 178, 185 (1979). A § 2255 motion can be dismissed without a hearing if: (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief; or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact. Delgado v. United States, 162 F.3d 981, 983 (8th Cir.1998); Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995). "While a guilty plea taken in open court is not invulnerable to collateral attack in a post conviction proceeding, the defendant's representations during the plea-taking carry a strong presumption of verity and pose a 'formidable barrier in any subsequent collateral proceedings.'" Voytik v. United States, 778 F.2d 1306, 1308 (8th Cir. 1985) (quoting Blackledge v. Allison, 431 U.S. 63, 74 (1977)). Here, the record conclusively shows McDonald is not entitled to relief on his claims.

### B. Ineffective Assistance of Counsel

Establishing a § 2255 claim of ineffective assistance of counsel is a "heavy burden" upon the movant. See United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996). To meet this burden, a movant must show (1) "counsel's representation fell below an objective standard of reasonableness" and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 688, 694 (1984). Judicial review of defense counsel's performance is "highly

deferential," and is not used to second-guess a counsel's performance in hindsight. Id. at 689. To lessen this tendency to assess performance with the benefit of knowing the ultimate outcome, the adequacy of counsel is determined from the "'counsel's perspective at the time' investigative decisions are made, and by giving a 'heavy measure of deference to counsel's judgments.'" Rompilla v. Beard, 545 U.S. 374, 381 (2005) (quoting Strickland, 466 U.S. at 689, 691).

When a defendant contemporaneously makes statements at his change-of-plea asserting his counsel was effective, those statements are strongly presumed to be true, and a later claim of ineffective assistance of counsel "is flatly contradicted" and belied by those prior in-court statements. See Nguyen v. United States, 114 F.3d 699, 704 (8th Cir. 1997). Here, at his change of plea hearing, McDonald answered "Yes, ma'am" when the Court asked him if he was "satisfied with his [attorney's] services as [his] lawyer." Apr. 4, 2011 Hr'g Tr. 6:1-2. Also during that hearing, the court asked McDonald whether he "had enough time to talk to Cascarano about [his] case," to which McDonald responded "Yes, ma'am." Id. at 5:23-25. Although McDonald testified at his plea hearing that he was satisfied with his attorney's service, he now raises eight grounds for ineffective assistance of counsel.

**1. Failure to Communicate Terms of Plea Agreement**

First, McDonald argues his attorney failed to communicate the terms of his plea agreement. § 2255 Mot. 9. Cascarano has filed an affidavit stating he discussed plea offers with McDonald during the course of his representation. Cascarano Aff. ¶ 3. Moreover, the Court clearly and extensively explained the terms of the Plea Agreement and the rights being waived to McDonald during his change of plea hearing. See Apr. 4, 2011 Hr'g Tr. 7-22. McDonald stated he understood the terms and explicitly expressed his appreciation of the Court's thorough

4

review.  Id. at 22.  McDonald cannot show his attorney's alleged errors resulted in prejudice.
See United States v. Ledezma-Rodriguez, 423 F.3d 830, 836 (8th Cir. 2005).

### 2. Coercion

Second, McDonald argues his attorney "fast talked" him to coerce him into signing the plea agreement.  § 2255 Mot. 9.  However at his hearing, McDonald was specifically asked, "Is anybody threatening you or forcing you to plead guilty here?," to which he responded, "No, ma'am."  Apr. 4, 2011 Hr'g Tr. 10:22-24.  When asked if he was pleading guilty voluntarily, he responded, "Yes, ma'am."  Id. at 10:25-11:1.  McDonald has therefore failed to support a claim of ineffective assistance of counsel based on coercion.  See Campos-Penaloza v. United States, 457 F. App'x 596, 597-98 (8th Cir. 2012).

### 3. Failure to Request an Evidentiary Hearing

Third, McDonald argues his attorney failed to ask for an evidentiary hearing as McDonald requested.  § 2255 Mot. 9.  However, the record shows Cascarano filed three motions to suppress evidence which were scheduled for an evidentiary hearing.  See Motions to Suppress. Cascarano avers he discussed possible defenses and trial strategies with McDonald, but McDonald indicated that he wished to cooperate with the government from this their first meeting and the motions were withdrawn when a plea agreement was reached.  Cascarano Aff. ¶¶ 3-4.  Because the record shows Cascarano's efforts were within the range of competent counsel, McDonald has failed to demonstrate that he received ineffective assistance of counsel based on Cascarano's decision not to pursue an evidentiary hearing.  Anderson v. United States, CIV. 02-3829 ADM, 2003 WL 1883347 at *4 (D. Minn. Apr. 14, 2003); see also Dyer v. United States, 23 F.3d 1424, 1426 (8th Cir.1994).

### 4. Failure to File Motion to Suppress & Motion to Dismiss

Fourth, McDonald argues his attorney failed to file motions for the suppression of evidence and dismissal of charges. § 2255 Mot. 9. Again, this argument is contradicted by the record, which shows Cascarano filed three motions to suppress evidence. McDonald does not specify what additional evidence Cascarano should have challenged. Therefore, McDonald has not met his burden of proving Cascarano's failure to file additional motions was unreasonable. Rompilla, 545 U.S. at 381(quoting Strickland, 466 U.S. at 689, 691); Dyer, 23 F.3d at 1426.

### 5. Failure to Inform Client of Evidence Against Him or Give Access to Discovery

Fifth, McDonald argues his attorney gave him only 15-25 pages of the 2,500 pages of discovery materials and did not otherwise inform him of the evidence against him. § 2255 Mot. 9. However, Cascarano's affidavit states he informed McDonald at their first meeting that it was necessary for them to review the discovery before he could recommend McDonald accept the plea agreement as was McDonald's stated intention. Cascarano Aff. ¶ 4. After their review of the discovery materials, the decision to cooperate was made. Id. ¶ 5. McDonald cannot show he would have chosen to go to trial had the allegedly missing information been given to him by his attorney. McDonald's claim that he was not provided with discovery is without merit.

### 6. Failure to Discuss the Elements of Conspiracy

Sixth, McDonald argues his attorney failed to discuss the elements of the offense of conspiracy with him. § 2255 Mot. 9. However, McDonald repeatedly agreed with his attorney during his plea hearing that they had previously discussed the nature of a conspiracy case. Apr. 4, 2011 Hr'g Tr. 26:23-25, 27-28, 28:7-8. For this reason, McDonald has failed to establish Cascarano's representation was below the standard of reasonableness. McDonald cannot show

he would have pled differently had the allegedly missing information been given to him by his attorney.

### 7. Failure to Investigate

Seventh, McDonald argues his attorney failed to investigate his case. § 2255 Mot. 9. Trial counsel has a duty to conduct a reasonable investigation or determine that such investigation is unnecessary. Strickland, 466 U.S. at 690-91. However, "reasonably diligent counsel may draw a line when they have good reason to think further investigation would be a waste." Rompilla, 545 U.S. at 383. McDonald does not specify how his counsel failed to investigate his case, and provides no information his counsel failed to discover. § 2255 Mot. 9. Moreover, Cascarano avers he conducted the necessary investigation in McDonald's case. Cascarano Aff. ¶ 3. Cascarano further states that while McDonald indicated from the outset that he wished to cooperate with the government, Cascarano insisted on reviewing the discovery first to determine whether cooperation was in McDonald's best interest. Cascarano Aff. ¶ 4. Thus, McDonald's assertion that counsel failed to investigate lacks merit.

### 8. Failure to Inform of Liability for Drug Quantities Under Conspiracy Charge

Finally, McDonald argues his attorney failed to inform him that in a conspiracy case, a defendant is held responsible for all foreseeable drug quantities that were within the scope of the criminal activity. § 2255 Mot. 9. This argument is directly contradicted by the record. When asked if McDonald had discussed with his attorney the impact of the quantity of cocaine on his sentencing, McDonald replied, "'Yeah." Apr. 4, 2011 Hr'g Tr. 25. At his plea hearing, Cascarano asked, "[A]lthough you aren't specifically responsible yourself for 840 grams, the law on conspiracy presumes that you're part of that and that quantity then is kind of dumped in your

7

lap. You understand that, right?" McDonald responded "Yes." Id. at 28:1-6. Thus, this argument fails.

## IV. CERTIFICATE OF APPEALABILITY

A court may grant a certificate of appealability only where a defendant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Tiedeman v. Benson, 122 F.3d 518, 523 (8th Cir. 1997). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). The Court finds there are no debatable issues presented and therefore declines to grant McDonald a certificate of appealability.

## V. CONCLUSION

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Tavarian Troyorvay McDonald's 28 U.S.C. § 2255 Motion [Docket No. 228] is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: October 15, 2012.