UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

                Plaintiff,

       v.                              MEMORANDUM OPINION AND ORDER
                                     Criminal No. 10-338(4) ADM/JSM

Tavarian Troyorvay McDonald,

                Defendant.

_____

Thomas M Hollenhorst, Assistant United States Attorney, Minneapolis, MN, on behalf of Plaintiff.

Tavarian Troyorvay McDonald, pro se.
_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Defendant Tavarian Troyorvay McDonald's ("McDonald") pro se Motion to Reduce Sentence [Docket No. 366]. McDonald requests a sentence reduction on two grounds. First, he requests immediate release under the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A). Second, he asks that his sentence be reduced from 240 months to 180 months under the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018).

Plaintiff United States of America (the "Government") has filed a Response [Docket No. 376] arguing that McDonald is not entitled to compassionate release, but agreeing that McDonald's sentence should be reduced to 180 months under the First Step Act. For the reasons set forth below, McDonald's Motion is denied as to his request for compassionate release and granted as to his request for a sentence reduction under the First Step Act.

## II. BACKGROUND

On December 14, 2010, McDonald and four co-defendants were charged in a multi-count Indictment with federal drug trafficking of cocaine base ("crack"). Indictment [Docket No. 1]. McDonald was charged in Count 1 with conspiring from 2005 to December 14, 2010 to distribute 50 grams or more of crack. Id. at 1–2. On March 31, 2011, the Government filed an Information [Docket No. 125] establishing that McDonald had a prior felony drug offense.

Count 1 of the Indictment charges McDonald under 21 U.S.C. § 841(b)(1)(A), which at the time of the Indictment carried a mandatory minimum sentence of 20 years for a defendant with a prior felony drug offense. Section 841(b)(1)(A) was amended by the Fair Sentencing Act ("FSA") on August 3, 2010, four months before the conspiracy had ended and McDonald was charged. See Fair Sentencing Act, Pub. L. No. 111-220, 124 Stat. 2372. The FSA increased the quantity of crack cocaine needed to trigger the penalties in § 841(b)(1)(A) from 50 grams to 280 grams. Id. The FSA also amended § 841(b)(1)(B), which carried an mandatory minimum sentence of 10 years for a defendant with a prior drug offense. The FSA increased the quantity of crack needed to trigger the penalties in § 841(b)(1)(B) from 5 grams to 28 grams. Id. Although the FSA was in effect at the time McDonald was indicted, Count 1 charged the 50-gram-or-more conspiracy under § 841(b)(1)(A), rather than under § 841(b)(1)(B).

In April 2011, McDonald entered a plea of guilty to the conspiracy charge in Count 1. See Min. Entry [Docket No. 131]; Plea Agreement [Docket No. 133]. As part of the Plea Agreement, McDonald was held responsible for between 840 grams and 2.8 kilograms of crack. Plea Agreement ¶ 6.a. The Plea Agreement states that the statutory penalty for the charge in Count 1 (conspiring to distribute 50 grams or more of crack cocaine) is 20 years to life based on

the Information establishing McDonald's prior drug offense. Id. ¶ 4. Again, this statutory penalty range corresponds to the pre-FSA penalty structure for crack offenses. Under the post-FSA penalty structure, the penalty range would have been 10 years to life under 21 U.S.C. § 841(b)(1)(B).

The Probation Office prepared a Presentence Investigation Report ("PSR") which, like the Indictment, stated that McDonald's offense was conspiring to distribute 50 grams or more of crack and that the penalty range for this offense was 20 years to life in prison. PSR at F.1. The PSR also found that McDonald was accountable for between 840 grams and 2.8 kilograms of crack cocaine. Id. ¶ 29. The PSR further determined that McDonald was a career offender. Id. ¶ 45. Because McDonald's offense of conviction carried a statutory maximum penalty of life, his base offense level was 37 under the career-offender sentencing guideline, U.S.S.G. § 4B1.1. Id. With a 3-level adjustment for for acceptance of responsibility, McDonald's total offense level was 34. Id. McDonald's career offender status placed him in Criminal Category VI. Id. ¶ 62. His resulting guideline range at sentencing was 262 to 327 months imprisonment. Id. ¶ 102.

McDonald was sentenced on August 11, 2011. Min. Entry [Docket No. 167]; Sentencing J. [Docket No. 168]. The Court departed downward from the 262 to 327 month guidelines range and sentenced McDonald to a term of 240 months, the mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(A) for a defendant with a prior felony drug offense. Sentencing J. at 3.

McDonald is currently incarcerated at the Federal Correctional Institution in Oxford, Wisconsin ("Oxford FCI") and has served over 9 ½ years of his 20-year prison term. Gov't Ex. 1 [Docket No. 375, Attach. 1] at 2. His projected release date is June 3, 2028. See Federal

Bureau of Prisons Inmate Locator, https://www.bop.gov/inmateloc/ (last visited Dec. 7, 2020). During his time in custody, McDonald has participated in prison programming, including the residential drug abuse program and courses in word processing, finance, and other topics. See Mot. Ex. 1 [Docket No. 366, Attach. 1]. He has incurred several disciplinary violations in the past, but has not had an incident report in almost two years. See Gov't Exs. [Docket No. 375, Attach. 4] at 1–5.

McDonald, age 45, now asks the Court to grant him immediate release under the compassionate release statute, or to reduce his sentence to 180 months. McDonald argues that extraordinary and compelling reasons warrant his immediate release because he suffers from a skin condition that could put him at high risk for serious illness or death from COVID-19. McDonald also argues that he is entitled to a sentence reduction because the mandatory minimum sentence that applies to his offense was reduced under the First Step Act. McDonald's sister has written a letter in support of McDonald's release. Letter [Docket No. 384] at 2. She states that she is willing to help to support him financially and to assist him in finding employment. Id.

The Government opposes McDonald's request for compassionate release, but agrees that a sentence reduction to a term of 180 months is warranted under the First Step Act.

### III.  DISCUSSION

**A.  Compassionate Release**

Generally, a "court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). One of the few exceptions to this general rule is the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A). Under this provision, a court may reduce a term of

4

imprisonment if, "after considering the factors set forth in section 3553(a)," the court finds that "extraordinary and compelling reasons" warrant a sentence reduction, "and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

The Sentencing Commission's applicable policy statement defines "extraordinary and compelling" reasons to include serious medical conditions or cognitive impairments "that substantially diminish[] the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 comment n.1(A)(ii). "[R]ehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of th[e] policy statement." U.S.S.G. § 1B1.13 comment n.3. The policy statement also requires the court to determine that "[t]he defendant is not a danger to the safety of any other person or to the community" before a sentence reduction may be granted under § 3582(c)(1)(A). U.S.S.G. § 1B1.13(2).

A defendant may not bring a motion for compassionate release until after the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). McDonald has satisfied the exhaustion requirement because he filed a request for release with the Warden of his facility which was denied. See Gov't Exs. [Docket No. 375, Attach. 2]. His motion is therefore ripe for review.

When considering compassionate release motions in the context of the COVID-19 pandemic, courts have required an inmate to show both a "particularized susceptibility to the

5

disease" and "a particularized risk of contracting the disease at his prison facility." United States v. Miland, No. 16–0159 (WMW), 2020 WL 3249259, at *3 (D. Minn. June 16, 2020) (quoting United States v. Feiling, No. 3:19–112 (DJN), 2020 WL 1821457, at *7 (E.D. Va. Apr. 10, 2020)); accord United States v. Ramirez, No. 17-10328-WGY, 2020 WL 2404858, at *3 (D. Mass. May 12, 2020); United States v. Shamilov, No. 19-cr-238 (SRN), 2020 WL 2029600, at *3 (D. Minn. Apr. 28, 2020).

McDonald argues he has idiopathic urticaria (medical term for hives), and that this skin condition places him at high risk of severe illness or death from COVID-19. However, idiopathic urticaria is not listed among the medical conditions recognized by the Centers for Disease Control and Prevention as risk factors for COVID-19. See CDC, Coronavirus Disease 2019, People with Certain Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html (last visited Dec. 7, 2020).

The Court thus finds that McDonald has not demonstrated extraordinary and compelling reasons warranting compassionate release.

**B. First Step Act**

McDonald also argues he is entitled to a sentence reduction under the First Step Act, because the Act reduced the mandatory minimum under § 841(b)(1)(A) for a person with a prior felony drug offense from 20 years to 15 years. This amendment is incorporated in § 401 of the First Step Act, which was enacted in 2018. However, this amendment does not apply to McDonald because § 401 is not retroactive for defendants who have already been sentenced.

See United States v. Grant, 813 F. App'x 246, 249 (8th Cir. 2020) (holding "the First Step Act . . . does not make the section 401 amendments retroactive").

Nevertheless, a different provision of the First Step Act, namely § 404, does apply to McDonald. Section 404 of the First Step Act made Section 2 of the FSA retroactive. Section 2 of the FSA increased the amount of crack cocaine needed to trigger mandatory minimum sentences under § 841(b)(1) by raising the threshold in § 841(b)(1)(A) from 50 grams to 280 grams, and the threshold in § 841(b)(1)(B) from 5 grams to 28 grams. United States v. McDonald, 944 F.3d 769, 771 (8th Cir. 2019).

In making Section 2 of the FSA retroactive, § 404(b) of the First Step Act provides:

> A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed.

Pub. L. No. 115-391, 132 Stat. 5194. A "covered offense" is defined as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act . . . , that was committed before August 3, 2010." First Step Act § 404(a).

When considering whether to reduce a sentence under § 404 of the First Step Act, a court "proceeds in two steps." McDonald, 944 F.3d at 772. First, the court decides whether the defendant is eligible for relief under § 404. Second, if the defendant is eligible, the court decides in its discretion whether a reduction should be granted. Id.

**1. Eligibility**

  **a. Jurisdiction under Section 404(c) of the First Step Act**

Section 404(c) of the First Step Act prohibits courts from entertaining a § 404 motion "if

7

the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010." The record substantiates that McDonald was charged with, pled to, and was convicted of a 50-gram-or-more crack offense, yet the statutory penalty range applied at sentencing was the pre-FSA penalty range for crack offenses, rather than the post-FSA range. Because McDonald was not sentenced in accordance with the FSA, the Court has authority to consider his motion under § 404.

### b. Covered Offense

The First Step Act applies to "offenses, not conduct," and a defendant's statute of conviction determines whether the defendant is eligible for relief. McDonald, 944 F.3d at 772; United States v. Banks, 960 F.3d 982 (8th Cir. 2020); United States v. Goolsby, 806 F. App'x 502 (8th Cir. 2020).

The offense for which McDonald was convicted was conspiracy to possess and distribute "50 grams or more" of crack. Indictment at 1–2; Plea Agreement at 1. Because the Fair Sentencing Act reduced the penalties for a 50-gram crack offense, McDonald is eligible for a reduction. See Banks, 960 F.3d at 984 ("Because the statutes of conviction in [the defendant's] case required only proof that he distributed or conspired to distribute 50 grams of cocaine base, and the Fair Sentencing Act reduced the penalties for a 50-gram offense, he is eligible for a reduction."); Goolsby, 806 F. App'x at 503.

### 2. Discretion to Grant Relief

Having concluded that McDonald is eligible for relief, the Court next determines whether a reduction should be granted. Here, a sentence reduction is warranted because a sentence of 180 months would make McDonald's sentence more proportionate to those of his co-defendants.

All defendants in this case were held responsible for the same quantity of cocaine base (840 grams to 2.8 kilograms) and considered to be average participants, yet the four co-defendants all received lower sentences in the range of 120 to 188 months. McDonald received the longest sentence because of his prior felony drug offense. This reduction in sentence still appropriately reflects the culpability of the conspirators.

Additionally, were McDonald charged today, the Government would likely allege a conspiracy to distribute 280 grams (rather than 50 grams) of crack, coupled with the filing of an Information concerning McDonald's prior serious drug felony. This charge would now carry a mandatory minimum sentence of 15 years (i.e., 180 months). See 21 U.S.C. § 841(b)(1)(A). Reducing McDonald's sentence to 180 months is consistent with the sentencing factors in 18 U.S.C. § 3553(a). The reduced sentence is a substantial downward departure from the bottom of the guideline range of 262 to 327 months, but remains sufficient to satisfy the sentencing goals of deterrence, respect for the law, and just punishment.

Accordingly, McDonald's sentence is reduced to a prison term of 180 months, followed by a supervised release period of 8 years.

## IV.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Tavarian Troyorvay McDonald's pro se Motion to Reduce Sentence [Docket No. 366] is **GRANTED IN PART** and **DENIED IN PART** as follows:

1. McDonald's request for compassionate release is **DENIED**;

2. McDonald's request for a sentence reduction under the First Step Act is **GRANTED**; and

9

3. McDonald's sentence is reduced to a prison term of 180 months, followed by a supervised release period of 8 years.

BY THE COURT:

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT COURT

Dated: December 7, 2020